# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No. 5:11-CV-00683-F

| | |
|---|---|
| THE STATE OF NORTH CAROLINA, DEPARTMENT OF JUSTICE, ROY COOPER, and VIDA V. JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> MINISTER I AM TRIUMPHANT ALI, <br><br> Defendant. | **ORDER AND MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court on the application of *pro se* Plaintiff,[1] Minister I Am Triumphant Ali, to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's monthly expenses exceed his monthly income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed. However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

---

[1] Minister I Am Triumphant Ali has filed the action, and it has been docketed in CM/ECF, with the caption *The State of North Carolina, et al. v. Minister I Am Triumphant Ali*. However, as he is clearly not a defendant in his own action, the Court refers to him as Plaintiff herein.

1

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

In this action, Plaintiff has indicated that he wishes to remove an action from state court in Edgecombe County to this Court. Compl. at 2-5 [DE-1]. He claims that he is entitled to do so based on diversity jurisdiction because he is an indigenous American who is not a citizen of the state of North Carolina. *Id.* at 2. The caption references Edgecombe County case number 11CR053380, a criminal case currently proceeding against Plaintiff in Edgecombe County which involves a charge of obtaining property by false pretenses. *Id.* at 1; *see also* Compl. Ex. B at 4 [DE-1-3].

Removal of state court cases to federal district court generally is governed by 28 U.S.C. § 1446(a). However, the Court need not address Plaintiff's argument that he is entitled to removal on the basis of diversity jurisdiction due to his status as an indigenous American because diversity jurisdiction is an applicable option only with regard to the removal of *civil* cases. Instead, Plaintiff is attempting to removal a *criminal* prosecution proceeding against him in Edgecombe County state court. Criminal removal jurisdiction is quite narrow and there exist only limited circumstances under which a state criminal prosecution may be removed to federal district court. *See* 28 U.S.C. §§ 1442, 1442a, 1443. Section 1442 applies to prosecutions proceeding in state court against federal officers or agents, Section 1442a to members of the armed forces, and Section 1443 to prosecutions involving laws which provide for equal civil rights. *Id.* Here, Section 1442 and 1442a are clearly inapplicable as Plaintiff has not alleged that he is a federal officer/agent or a member of the armed forces. Further, Section 1443 is

2

inapplicable because his state court criminal prosecution is for a count of obtaining property by false pretenses, which has no relation to civil rights. *See generally City of Greenwood, MS v. Peacock*, 384 U.S. 808, 827-28 (1966).

Therefore, because Plaintiff's complaint, which amounts to an attempted removal of a state court criminal prosecution, does not meet the substantive requirements of 28 U.S.C. §§ 1442, 1442a, or 1443, this Court concludes that it would have no removal jurisdiction over this case. Accordingly, the Court finds that Plaintiff has failed to allege a valid basis for jurisdiction in this Court and, therefore, has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-1-1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 24th day of February, 2012.

DAVID W. DANIEL
United States Magistrate Judge